UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL LASLIE,<br><br>   Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>   Defendant. | CASE NO. C15-0213-MAT<br><br>REPORT AND RECOMMENDATION<br>RE: SOCIAL SECURITY DISABILITY<br>APPEAL |

Plaintiff Paul Laslie proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1968.[1] He completed 10th grade, and previously worked as a gas station store clerk, short-order cook, shipping and receiving clerk, and HVAC

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

installation apprentice. (AR 41, 355.)

Plaintiff protectively filed an application for DIB on December 29, 2011, alleging disability beginning May 1, 2011. (AR 245-46, 371.) His application was denied at the initial level and on reconsideration, and he timely requested a hearing. (AR 166-79.)

On June 20, 2013, ALJ Scott R. Morris held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 35-83.) On September 16, 2013, the ALJ issued a decision finding Plaintiff not disabled. (AR 11-26.)

Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on December 8, 2014 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff did not work during the time period between his alleged onset date and his date last insured. (AR 13.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's human immunodeficiency virus, degenerative disc disease of the cervical spine, left shoulder impairment, major depressive disorder, anxiety disorder, histrionic personality traits, and polysubstance dependence. (AR 13.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 13-15.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work as defined in 20 C.F.R. §§ 404.1567(b), with some additional limitations. He can occasionally climb ladders, ropes, and scaffolds, and can frequently climb ramps and stairs. He can occasionally crawl, and can frequently reach with the left upper extremity. He must avoid concentrated exposure to cold, vibration, and industrial-strength fumes, odors, dusts, gases, or other pulmonary irritants, as well as hazards. He can perform simple, routine tasks, and can tolerate occasional changes in the work setting. He can have superficial interaction with the public. He can have frequent interaction with co-workers, and occasional interaction with supervisors. (AR 16-24.) With that assessment, the ALJ found Plaintiff unable to perform his past relevant work.

The ALJ proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as cleaner housekeeper, production assembler, and inspector and hand packager. (AR 25.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the

ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) assessing the medical opinion evidence, (2) assessing his RFC, and (3) discounting a lay statement.  He asks that the ALJ's decision be reversed and his claim remanded for an award of benefits or, in the alternative, for further proceedings.  The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

### Medical Opinion Evidence

Plaintiff argues that the ALJ erred in assessing the opinions of (1) his treating psychiatrist Christian Yuodelis-Flores, M.D.; (2) his treating psychologist Eric Strachan, Ph.D.; and (3) consultative psychological examiner Linda Jansen, Ph.D.  Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  The Court will address each opinion in turn, to assess whether the ALJ's reasons for discounting the opinions meet this standard.

A.   Dr. Yuodelis-Flores

Dr. Yuodelis-Flores completed a form opinion in April 2013, summarizing Plaintiff's mental limitations. (AR 1433-38.)  The ALJ summarized the opinion and explained why he gave it little weight, as follows:

> [Dr. Yuodelis-Flores] opined the claimant would on average be absent from work more than three times a month due to his impairments or treatment.  The doctor opined the claimant had fair to poor mental abilities and aptitude needed to do unskilled work.  The doctor noted the claimant had many somatic complaints.  The doctor gave a [Global Assessment of Functioning (GAF) score] of 40.  The

opinion is given little weight because it is inconsistent with the clinical findings of other providers and examiners. Specifically, Dr. Dixon found [Plaintiff] presented courteous and cooperative, and displayed good social skills ([AR 897-901]). Dr. Thuseon found [Plaintiff] presented calm and cooperative with fair eye contact ([AR 1269-1324]). Dr. Dixon found [Plaintiff's] ability to concentrate and maintain attention span was fair ([AR 897-901]). Dr. Thuseon found [Plaintiff] showed grossly normal memory ([AR 1269-1324]). Dr. Strachan found [Plaintiff] showed good attention and concentration ([AR 1439-65]).

(AR 23-24.) Plaintiff argues that the ALJ selectively cited the record to find it inconsistent with Dr. Yuodelis-Flores's opinion. Dkt. 11 at 5. He acknowledges that his symptoms fluctuated, but argues that his symptoms on the whole caused a disabling impact on his functioning. *Id*.

The Court agrees that the ALJ erred in finding Dr. Yuodelis-Flores's opinion inconsistent with other medical evidence, because the evidence cited by the ALJ is not actually inconsistent. For example, the ALJ found that Dr. Yuodelis-Flores's opinion was inconsistent with the opinion of examining psychologist David Dixon, Ph.D., but selectively cited findings from Dr. Dixon's opinion that do not reflect the overall opinion. Dr. Dixon concluded, in relevant part:

> [Plaintiff's] speech is loud and at times rapid. He demonstrates poor comprehension and poor judgment. His vocabulary is fair to good. His ability to reason is fair to poor. His ability to understand is average. His ability to sustain concentration was fair to poor. His persistence was fair. The claimant's ability to interact socially was fair at best with depressive symptomatology and negative attitude affecting his ability. He would not adapt to new environmental conditions.

(AR 901.) This opinion is consistent with Dr. Yuodelis-Flores's opinion that Plaintiff has impaired insight and judgment, poor recall memory and poor concentration, and moderate difficulties in maintaining social functioning. (AR 1434-37.)

The ALJ also cited treatment notes describing Plaintiff as calm and cooperative, with fair eye contact. (AR 24 (citing AR 1269-1324).) But the records cited by the ALJ include findings that Plaintiff has depressed mood and affect (AR 1279), that he cried through most of a session

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 5

(AR 1284), and that he swore at his provider and "did not make eye contact for majority of session" (AR 1320). The bulk of these records, cited by the ALJ, thus reveal that the ALJ cherry-picked findings that contradict Dr. Yuodelis-Flores's finding that Plaintiff has "very labile affect and irritability." (AR 1436.)

The ALJ also cited purportedly inconsistent evidence generated by Plaintiff's treating psychologist, Dr. Strachan, but when the referenced treatment notes are read in their entirety, they are not generally inconsistent with Dr. Yuodelis-Flores's findings. (*See* AR 1456-57.) Instead, Dr. Strachan's treatment notes describe Plaintiff's "significant anger" during therapy sessions, depressed and irritable mood and affect, and frustrated behavior during session. (*See, e.g.*, AR 1456, 1458, 1450, 1464.)

For all of these reasons, the Court finds that the ALJ's rationale with respect to Dr. Yuodelis-Flores's opinion relies on cherry-picking evidence that supports the ALJ's conclusion. Because the ALJ's summary of the record does not accurately reflect the records cited, the ALJ's reason for rejecting Dr. Yuodelis-Flores's opinion is not legitimate. *See Reddick v. Chater*, 157 F.3d 715,722-23 (9th Cir. 1998) ("In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record.").

Dr. Strachan

In June 2013, Dr. Strachan wrote a narrative statement describing Plaintiff's diagnoses and functional limitations. (AR 1467.) The ALJ gave it "little weight" because (1) it was inconsistent with Dr. Strachan's own treatment notes; (2) the opinion itself is conclusory and does not cite the "evidence relied upon in forming that opinion[;]" and (3) Dr. Strachan refers to

Plaintiff's self-report of symptoms, which the ALJ found to lack credibility. (AR 24.)

The ALJ's first reason is not legitimate for the same reasons explained in the previous section: although the ALJ cites some normal exam findings, these findings are cherry-picked from therapy notes that corroborate Dr. Strachan's narrative statement. (AR 24 (citing AR 1456, 1464).) Although the ALJ's second reason accurately describes Dr. Strachan's statement, finding that it does not cite the evidence that supports it, the ALJ should have recontacted Dr. Strachan to determine the basis for the opinion. *See* 20 C.F.R. § 416.920b (addressing the obligation to recontact treating source if the evidence requires clarification). On remand, the ALJ shall recontact Dr. Strachan and reconsider his opinion along with any clarification he provides.

<u>Dr. Jansen</u>

Dr. Jansen evaluated Plaintiff in May 2012, and wrote a narrative report describing Plaintiff's symptoms and functional limitations. (AR 1194-98.) Dr. Jansen opined that Plaintiff has several deficits in concentration, attention, cognitive flexibility, persistence, adaptation, and energy that would impact his ability to work. (AR 1198.) The ALJ found Dr. Jansen's conclusions to be inconsistent with her examination findings, specifically her findings that Plaintiff was cooperative and maintained fair to good eye contact, and her mental status examination results indicating good memory and concentration. (AR 23 (referencing AR 1196-97).) Plaintiff's ability to cooperate and make eye contact with Dr. Jansen do not contradict any of Dr. Jansen's findings, and Dr. Jansen performed more specific tests to evaluate Plaintiff's concentration abilities: she noted that Plaintiff's scores on the Trail Making tests revealed "considerable difficulty with attention and concentration." (AR 1197.) The ALJ does not explain why Dr. Jansen's mental status examination findings are more probative than her more-

specific testing, and the ALJ's rationale again relies on cherry-picking. *See Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984) (". . . [The ALJ] cannot reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result." (citing *Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir.1982))).  Accordingly, the ALJ erred in discounting Dr. Jansen's opinion.

Because the ALJ erred in discounting the opinions of Drs. Yuodelis-Flores and Jansen, the ALJ should be directed to reconsider these opinions on remand, and either credit them or provide legally sufficient reasons to discount them.  Because the ALJ's reconsideration of these opinions may impact the RFC assessment, the Court need not address Plaintiff's challenges to the RFC assessment here.

<u>Lay Statement</u>

The ALJ referenced the statements of Plaintiff's partner, Craig Kjos.  (AR 24 (citing AR 408, 437-38).)  The ALJ stated that although Mr. Kjos's "statements may reflect personal observations of the claimant, the medical evidence of record does support a lesser [RFC]."  (AR 24.)  Because the ALJ erred in assessing the medical opinion evidence, as explained above, this error could have impacted the ALJ's assessment of Mr. Kjos's statements.  On remand, the ALJ should be directed to reconsider Mr. Kjos's statements and either credit them or provide germane reasons to discount them.  *See Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993).

<u>CONCLUSION</u>

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further administrative proceedings.

/ / /

/ / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 8

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 20, 2015**.

DATED this 30th day of October, 2015.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 9